580-2512997                                                          02:24:57 p.m.   11-03-2011        80/86

IN THE DISTRICT COURT OF STEPHENS COUNTY
STATE OF OKLAHOMA

BRUCE ALAN WILMES, and )
LYN MARIE WILMES, Individually )
and as natural parents and next of kin to )
LAUREN MARIE WILMES, a minor, )
)
Plaintiffs, )
) Case No.: CJ-2011-261 E
v. )
)
HALLIBURTON ENERGY )
SERVICES, INC., HALLIBURTON )
INDUSTRIAL SERVICES DIVISION )
and HALLIBURTON SERVICES, )
A DIVISION OF HALLIBURTON COMPANY, )
)
Defendants. )

## PETITION

COMES NOW, Bruce Alan Wilmes and Lyn Marie Wilmes, individually and as natural parents and next of kin to Lauren Marie Wilmes, and for their cause of action against Defendant, Halliburton Energy Services, Inc., Halliburton Industrial Services Division and Halliburton Services, a division of Halliburton Company, (hereinafter "Halliburton") allege and state:

1. Between the years of 1965 and 1991, Halliburton received a contract from the Department of Defense to clean out missile casings. The main component of rocket fuel is ammonium perchlorate. It was recently discovered that there is an area of ground water contaminated with perchlorate near the Halliburton North Facility on Osage Road, near Duncan, Stephens County, Oklahoma.

2. The widespread contamination of the groundwater in the proximity of the Halliburton facility is a result of Defendant's wrongful acts.



EXHIBIT 1

3. On or about July 19, 2011, Plaintiffs learned that their only source of water, a water well located on their property in Stephens County, Oklahoma, was contaminated with perchlorate.

4. As a proximate result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer significant decreases in their property value and the exposure to perchlorate has significantly increased the risk of Plaintiffs contracting long-term medical problems.

5. Consumption of perchlorate affects the uptake of iodine by the thyroid. Exposure to perchlorate can create potentially life-threatening and latent diseases, making it necessary for Plaintiffs to undergo periodic diagnostic medical examinations otherwise unnecessary had Defendant not subjected them to perchlorate.

6. Defendant was aware of the harmful nature of perchlorate, its effects, its potential for contaminating the groundwater surrounding the cleanup and the actual contamination of the groundwater and intentionally withheld this information to the public and the residents who are affected.

7. Accordingly, Plaintiffs bring this action for legal damages and equitable relief.

### I. Count One - Negligence

8. Plaintiffs incorporate herein the foregoing allegations of this Petition and further allege as follows:

9. That Plaintiffs have sustained present and latent injuries as a result of consumption of perchlorate.

10. That Plaintiffs injuries are the result of Defendants negligence.

580-2512997                                                              02:25:22 p.m.    11-03-2011              02/86

11. That Defendant's negligence was a direct and proximate cause of the injury sustained by Plaintiffs.

12. That as a direct result of the above-described wrongful actions of the Defendant, Plaintiffs have incurred damages including, but not limited to the following:

 a. Hospital, medical and doctor bills past and future;

 b. Past, present and future physical pain and mental pain, suffering and anguish;

 c. Loss of normal use of the body;

 d. Loss of wages, past and future; and

 e. Periodic diagnostic medical examinations.

## II. Count Two- Nuisance

13. Plaintiffs incorporate herein the foregoing allegations of this Petition and further allege as follows:

14. Defendant has caused an unreasonable invasion of, interference with and impairment of Plaintiffs' beneficial use and enjoyment of their property, thereby causing Plaintiffs' inconvenience, annoyance, impairment of use, interference with enjoyment and other injury. This unreasonable invasion of, interference with and impairment of Plaintiffs' beneficial use and enjoyment of their property continues to this day.

15. Additionally, as a result of Defendant's actions in withholding information, Defendant's wrongful conduct has caused unreasonable and substantial danger to Plaintiffs' health, safety and welfare. Said acts and omissions render Plaintiffs insecure in life and in use of property. This unreasonable and substantial danger to Plaintiffs' health, safety and welfare by Defendant continues to this day.

16. Such conduct thereby constitutes a private nuisance. The nuisance and injuries caused thereby are substantial, tangible, continuing and both temporary and permanent. The continuation thereof threatens irreparable harm to Plaintiffs' property and persons.

17. The existence of the ammonium perchlorate poses a serious risk to the health, safety and welfare of Plaintiffs and will continue to pose such a risk until the nuisance is properly and permanently abated. The existence of the perchlorate poses a serious risk to the value of the property of Plaintiffs, rendering is less useful and/or decreasing in value, and will continue to pose such a risk until such time as the nuisance is properly and permanently abated.

18. By reason of the foregoing, Plaintiffs have and will incur damages, including special and direct damages, costs and expenses as a result of the nuisance for which they are entitled to receive compensation and reimbursement from Defendant.

### III. Count Three- Trespass

19. Plaintiffs incorporate herein the foregoing allegations of this Petition and further allege as follows:

20. Defendant's activities have resulted and continue to result in the release of dangerous substances and have caused and will continue to cause an actual physical invasion of and interference with Plaintiffs' property interests. This actual and physical invasion of and interference with Plaintiffs' property is ongoing and continues to this day.

21. Perchlorate, present on Plaintiffs property, came from the Halliburton and/or former Halliburton site and were and continue to be owned by Defendant.

22. Defendant knew that the perchlorate deposited on Plaintiffs' property has resulted in or are substantially certain to result in an actual and physical invasion of or interference with Plaintiffs' property interests and thus have continued their intentional and/or negligence conduct.

23. This actual and physical invasion of and interference with Plaintiffs' property has occurred and continues to occur without permission, authority or consent from Plaintiffs. The presence of this contaminant constitutes a trespass under applicable state law.

24. The trespass and damages caused thereby are substantial, tangible, continuing, both temporary and permanent, and threaten irreparable harm to Plaintiffs' persons and property.

25. By reason of the foregoing, Plaintiffs are entitled to equitable relief and Plaintiffs have and will incur damages, including special and direct damages, costs and expenses as a result of the trespass for which they are entitled to receive compensation and reimbursement from Defendant.

### IV. Count Four- Strict Liability for Ultra-Hazardous Activity

26. Plaintiffs incorporate herein the foregoing allegations of this Petition and further allege as follows:

27. Defendant is strictly liable for its operation of the cleanup of missile casings, as conduct constitutes an ultra-hazardous activity.

28. Defendant's attempted disposal of the residue from the missile casings has caused and continues to cause damage to Plaintiffs.

### V. Count Five- Unjust Enrichment

29. Plaintiffs incorporate herein the foregoing allegations of this Petition and further allege as follows:

30. Defendant has been greatly enriched by their acts and omissions. Defendant has been benefited and continues to be benefited from their wrongful conduct.

31. Defendant lacks any legal justification for allowing the contamination to continue.

32. Plaintiffs have thereby conferred a benefit upon the Defendant. Plaintiffs did not voluntarily give this benefit. Defendant has knowingly retained this benefit and has therefore been unjustly enriched.

33. Under the circumstances described herein, it would be inequitable for Defendant to retain the benefits of their acts and omissions without paying the value thereof to Plaintiffs.

34. No remedy at law can adequately compensate Plaintiffs for the damages occasioned by the conscious choice of Defendant to release a dangerous substance on Plaintiffs' property and hide this action.

35. By reason of the unjust conduct of Defendant, Plaintiffs are entitled to damages from Defendant, including but not limited to the disgorgement of all gains realized by Defendant and restitution from Defendant.

WHEREFORE, Plaintiffs respectfully request that the Court award the Plaintiffs

a. Judgment against Defendants;

b. Compensatory damages in an amount to be determined at trial;

c. Punitive damages in an amount to be determined at trial;

d. The costs and expenses of this action, including attorney's fees;

e. Pre-judgment and post-judgment interest;

f. Equitable relief in the form of proper and permanent abatement and/or remediation of Plaintiffs' property;

g. All other relief to which Plaintiffs may be justly entitled as a result of their damages sustained at the hands of Defendants.

h. All in excess of $75,000.00

### VI: Jury Demand

36. Plaintiffs demand a jury trial on all issues so triable.

Bruce Alan Wilmes
Lyn Marie Wilmes
311 W. Osage Road
Duncan, OK 73533